840 F.2d 10
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 CALVERT BANK & TRUST COMPANY, a Maryland Banking
Institution, Plaintiff-Appellee,
v.
Carol A. ABRAMSON; Neil Abramson, in personam; 1965 35 Ft.
Alberg Sailboat, "Djhim" Serial No. 0/N614057,
together with her engines, tackle,
apparel, equipment, etc., in
rem, Defendant-Appellant,
v.
Guilford D. WARE; Scott Katona; Crenshaw, Ware & Johnson;
John Doe, who are parties whose true identities are not
presently known to the third-party plaintiff; Richard Roe,
who are parties whose true identities are not presently
known to the third-party plaintiff, Third Party Defendant-Appellee.
 
 No. 87-3522.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 21, 1987.
Decided: Feb. 10, 1988.
 Carol A. Abramson, Neil Abramson, appellants pro se.
 Guilford D. Ware, Crenshaw, Ware & Johnson, for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Calvert Bank and Trust Company sued Neil and Carol Abramson in personam to foreclose on a preferred ship mortgage. 46 U.S.C. Sec. 911, et. seq. The district court, after a bench trial, entered judgment for Calvert in the total amount of $14,252.91 and awarded it possession of the pledged sailing vessel to be sold in partial satisfaction of the judgment. The Abramsons appeal; we affirm.
 
 
 2
 The Abramsons argue that the district court lacked jurisdiction to award possession of the sailboat to Calvert because Calvert chose not to have the vessel arrested prior to trial. The Abramsons also assert that their moving the vessel out of the Eastern District of Virginia on the eve of trial divested the district court of authority to award possession of it to Calvert.
 
 
 3
 These challenges to the district court's jurisdiction are without merit. Calvert elected to sue the Abramsons personally pursuant to 46 U.S.C. Sec. 954, and properly served them with process. Neither failure to arrest the vessel, nor the absence of the vessel from the district court's territorial jurisdiction affected the district court's jurisdiction over the Abramsons and the subject matter of the action.
 
 
 4
 The Abramsons also challenge the district court's decision to allow an amendment to the complaint at the close of evidence. We find that this decision was not an abuse of discretion; the amendment did not prejudice either party on the merits of the case. Fed.R.Civ.P. 15(b). The Abramsons' other arguments are likewise without merit.
 
 
 5
 We dispense with oral argument because of the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process. Abramson's motion for costs and reasonable attorney's fees is denied.
 
 
 6
 AFFIRMED.